**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Scange Volant and Imani Rochester,<br><br>                         Plaintiffs,<br><br>          -v-<br><br>News 12 Long Island,<br><br>                        Defendant. | 2:24-cv-2579<br>(NJC)(ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is a motion to proceed in forma pauperis ("IFP") filed by pro se plaintiff Scange Volant ("Volant") in relation to his Complaint filed while incarcerated at the Nassau County Correctional Center (the "Jail").[1] (IFP Mot., ECF No. 8; Compl., ECF No. 1.) For the reasons that follow, the Court grants the IFP motion and dismisses the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

---

[1] Although the caption of the Complaint includes a co-plaintiff, Imani Rochester ("Rochester"), the Complaint is signed only by Volant and the Court has received an IFP motion only from Volant. A Notice of Deficiency was sent to Rochester on April 11, 2024, advising her that, in order for her to proceed with her claims, she must, within fourteen days, sign the enclosed copy of the Complaint and complete and return the enclosed IFP motion. (*See* Not., ECF No. 3.) The Notice has not been returned as undeliverable and, to date, Rochester has not responded to the Notice. Accordingly, any claims asserted on behalf of Rochester are dismissed without prejudice. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) ("Although § 1654 thus recognizes that an individual generally has the right to proceed *pro se* with respect to his own claims or claims against him personally, the statute does not permit unlicensed laymen to represent anyone else other than themselves.") (quotation marks and brackets omitted).

## BACKGROUND

On April 5, 2024, Volant filed a Complaint against News 12 Long Island ("News12")

using the Court's civil rights complaint form for actions brought pursuant to 42 U.S.C. § 1983

("Section 1983"). (Compl.) Volant did not pay the filing fee, nor did he file a motion to proceed

IFP at that time. Accordingly, by Notice of Deficiency dated April 11, 2024, the Court instructed

Volant to either pay the filing fee or to complete and file an IFP application within fourteen days

in order for his case to proceed. (*See* Not., ECF No. 2.) On April 24, 2024, Volant timely filed

his IFP motion. (IFP Mot.)

### I.      The Complaint[2]

Volant alleges that, on or about August 13, 2023, in Valley Stream, New York, he was

defamed during the News12 report of an incident involving Volant and his girlfriend. (Compl.

¶ II.) In its entirety, Volant's scant "Statement of Claim" alleges:

> While reporting on an incident involving me and my girlfriend that had occur hours
> before the news reported on multiple occasions during the live broadcasting news
> implied that me and another guy (in reference to my natural born woman) girlfriend
> (while showing our mug shots) had been arrested. Soon after rumors sparks around
> the community saying I was dating a man or a transwoman as some said. People
> started saying Homosexual quotes about me and my girlfriend days later my cousin
> almost got into a physical altercation with someone because they were implying
> that I was dating a man and I was gay. My girlfriend since is being bullied by people
> on the Internet and in person. She lost most of her clients as a professional hair
> stylist. As for my carrer as a professional DJ is over due to these statements.

(*Id.* ¶ II.) Volant left blank the space on the form Complaint that calls for a description of any

injuries suffered as a result of the alleged events, yet seeks to recover $2.8 million in damages.

(*Id.* ¶¶ II.A, III.)

---

[2] Excerpts from the Complaint have been reproduced here exactly as they appear in the original.
Errors in spelling, punctuation, and grammar have not been corrected or noted.

**LEGAL STANDARDS**

**I.      In Forma Pauperis**

Upon review of Volant's IFP Motion (IFP Mot.), the Court finds that Volant is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the IFP Motion is granted.

**II.      Sufficiency of the Pleadings**

Given that Plaintiff is proceeding IFP, the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity . . . ." 28 U.S.C. § 1915A(a).[3] At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks and citation omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

---

[3] The term "prisoner" is defined in this statute to include "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Id.*

## DISCUSSION

### I.    Section 1983 Claims

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

4

be subjected, any citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights, privileges, or immunities
secured by the Constitution and laws, shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *Cty. of Oklahoma Cty. v. Tuttle*, 471 U.S. 808 (1985)); *accord Jean-Baptiste v. United States Dep't of Just.*, No. 23-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Sykes*, 13 F.3d at 519. Here, Volant names News12 as the sole defendant and, liberally construed, alleges that he was defamed[4] during news reports involving Volant and his girlfriend. (Compl. ¶¶ I–II.) Volant has not alleged a plausible Section 1983 claim because the Complaint does not satisfy either element of a Section 1983 claim. Volant has not alleged that News12 is a state actor, nor has he alleged a deprivation of a right afforded by the U.S. Constitution. (*See* Compl.)

## A.  Lack of State Action

It is well-established that private parties are generally not liable under Section 1983. *See Ahlers v. Rabinowitz*, 684 F.3d 53, 60–61 (2d Cir. 2012) ("In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that some person acting under color of state law deprived him of a federal right."); *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir.

---

[4] "Defamation includes the torts of libel (usually written) and slander (usually oral)." *Cummings v. City of New York*, No. 21-1380, 2022 WL 2166585, at *3 (2d Cir. June 16, 2022) (quotation marks omitted) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 245 n.7 (2d Cir. 2007)).

2002) ("Because the United States Constitution regulates only the Government, not private

parties, a litigant claiming that his constitutional rights have been violated must first establish

that the challenged conduct constitutes state action.") (quotation marks omitted). However, a

private party, such as News12, may be liable under Section 1983 if it "acted in concert with the

state actor to commit an unconstitutional act." *Id*. at 324. In this regard, a plaintiff must show:

"(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an

unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."

*Corsini v. Brodsky*, 731 F. App'x 15, 19 (2d Cir. 2018) (citing *Ciambriello*, 292 F.3d at 324–25.)

Even upon a liberal construction, there are simply no facts alleged in the Complaint from which

the Court could reasonably construe state action imputed to News12. (*See* Compl.) Thus, in the

absence of state action, Volant's Section 1983 claim against News12 is implausible. *See*

*Mercado v. Deprospo*, No. 23-CV-2046 (LTS), 2023 WL 3304700, at *3 (S.D.N.Y. May 5,

2023) (dismissing Section 1983 claims against Hudson Valley Post Channel Twelve News

because it is a private party who is "not alleged to work for any state or other government

body"); *Gordon v. N.Y. State Dep't of Parole*, No. 14-CV-0324S, 2014 WL 5482393, at *3

(W.D.N.Y. Oct. 24, 2014) ("To the extent Plaintiff is asserting a claim against Channel 4 News

under 42 U.S.C. § 1983 it must be dismissed with prejudice because [] there are no allegations

that Channel 4 News was a person acting under color of state law at the time it broadcast the

story . . . .").

### B.  Absence of a Constitutional Deprivation

Volant alleges that News12 implied false information about him during a broadcast. (*See*

Compl. ¶ II.) This claim sounds in defamation and, as a matter of state tort law, does not invoke

the U.S. Constitution. Indeed, "[t]here is no federal cause of action for defamation; it is an issue

6

of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action." *Heyliger v. Cty. of Binghamton Police Dep't*, No. 3:11-CV-1293, 2016 WL 1048999, at *8 (N.D.N.Y. Mar. 11, 2016), *aff'd sub nom. Heyliger v. Peters*, 771 F. App'x 96 (2d Cir. 2019) (quoting *Sadallah v. Cty. of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)). Thus, in the absence of a claim that Volant was deprived of some constitutional right, his Section 1983 claim fails as a matter of law. Because the Complaint fails to allege state action or a constitutional deprivation, Volant's Section 1983 claim is implausible and dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

## II.    State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, the Complaint purports to allege purely a state law defamation claim. Because the Complaint contains no plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh against exercising supplemental jurisdiction over any state law claims in the Complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state law claims in Volant's Complaint.

### III.    Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. Cty. of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks and citation omitted). Nevertheless, where amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Cuoco*, 222 F.3d at 112; *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). Here, the deficiencies in Volant's claims are substantive and could not be cured with better pleading. Accordingly, leave to amend is denied as futile.[5]

### CONCLUSION

For the reasons stated above, this Court grants Volant's IFP motion (ECF No. 8), and dismisses the Complaint (ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii); 1915A(b)(1). Leave to amend the Complaint is denied as futile. Any claims alleged on behalf of Rochester are dismissed without prejudice. The Clerk of the Court shall mail a copy of this Order to Volant at his address of record in an envelope marked "Legal Mail" and also to Rochester at her address of record. The Clerk of the Court shall also record such mailings on the docket.

---

[5] Without allegations demonstrating diversity of citizenship between the parties, there is no basis to invoke this Court's diversity subject matter jurisdiction. 28 U.S.C. § 1332; *see* Compl.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


Dated: Central Islip, New York
May 22, 2024


                                        */s/ Nusrat J. Choudhury*
                                        NUSRAT J. CHOUDHURY
                                        United States District Judge

9